7UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TYRONE HURT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:14-cv-00337-GZS |
| | ) |
| FERGUSON, MISSOURI, et als., | ) |
| | ) |
| Defendants | ) |

**ORDER AND RECOMMENDED DECISION**

**ORDER**

Plaintiff Tyrone Hurt, a resident of Washington, District of Columbia, proceeding *pro se*, filed this action against numerous defendants, including the City of Ferguson, Missouri, the State of Missouri, all law enforcement officers in Missouri, as well as all law enforcement officers in the country. The matter is before the Court on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 4).[1] Pursuant to 28 U.S.C. § 1915(a)(1), this Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor," based on a proper showing of indigent status. Based on Plaintiff's income affidavit (ECF No. 4-1), the Court grants the Motion.

**RECOMMENDED DECISION**

In a case in which a party is proceeding *in forma pauperis* under section 1915, the Court "shall dismiss the case at any time if the court determines that … the action is … frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a

---

[1] The Court referred the motion.

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The United States Supreme Court has explained that this provision of the *in forma pauperis* statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

When considering whether a complaint states a claim for which relief may be granted, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Here, as explained below, a review of Plaintiff's Complaint reveals that Plaintiff has not and cannot state a claim upon which relief can be granted. Accordingly, the recommendation is that the Court dismiss Plaintiff's Complaint.

While Plaintiff's Complaint is somewhat difficult to decipher, Plaintiff evidently attempts to assert a claim on behalf of himself and unnamed others[2] against law enforcement officers throughout the country, which claim is apparently based on the officers' sworn obligation to serve and protect the citizens of the country. In his Complaint, Plaintiff alludes to events in Ferguson, Missouri, and to a fatal shooting in Florida. Plaintiff's Complaint, however, does not describe any facts that suggest that the Defendants have had any contact with Plaintiff.

While Plaintiff might be concerned about certain incidents described in the Complaint, Plaintiff must articulate a claim that seeks relief for a "personal, particularized injury."

---

[2] In the caption of his complaint, Plaintiff includes an "et al." after his own name.

*Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667 (2013); *see also Osediacz v. City of Cranston*, 414 F.3d 136, 139 (1st Cir. 2005) (discussing standing as a constitutional limitation on the power of federal courts). Regardless of his status as a taxpayer, Plaintiff does not have standing to proceed in federal court based on the Defendants' alleged conduct in incidents which did not involve Plaintiff. *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 593 (2007) ("[T]he payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government."). Because Plaintiff lacks standing to assert claims set forth in the Complaint, Plaintiff has not and cannot state a claim upon which relief can be granted.

Based on the foregoing analysis, therefore, the recommendation is that the Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on non-dispositive matters (the *in forma pauperis* motion), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).
With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy.
Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of October, 2014.